MARY F. EVANS v. THE NEW BRUNSWICK AND CRANBURY TURNPIKE COMPANY.

1. In a suit for damages sustained by reason of a turnpike being out of order, it need not be stated in the declaration that the plaintiff had paid toll before making use of the road.

2. The averment that he was lawfully using the road is sufficient.

---

In tort. On demurrer to declaration.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the demurrant, *Alan H. Strong.*

*Contra, Voorhees & Booraem.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The declaration contains two counts, which are respectively demurred to.

The substance of each count is that the defendant was in possession of and was managing and operating a certain turnpike road from, &c., and which was constructed on and along a public highway known, &c., under and by virtue of the several provisions of the act, &c., entitled, &c., which said turnpike was maintained by said company, and was open for the lawful passing and repassing of the inhabitants of this state on and along the same as a public road or highway, subject only to the right of the said defendant, under and by virtue of said last-mentioned act, to charge and collect toll from travelers thereon according to the rates in said act fixed and determined. The counts then proceed to allege that the defendant, it being its duty to keep the said highway unobstructed and safe, in disregard thereof carelessly and improperly scraped the ice and snow into " a ridge or barrier of ice, extending in and across said road," and left the same " so as to be likely to overturn and injure any vehicle passing on and along said turnpike," and that plaintiff, in using said turnpike by night, and without any negligence on her part, ran upon said obstruction, whereby, &c.

The principal ground in support of the demurrers to this statement of the plaintiff's cause of action is that it is not shown that " she had paid or tendered toll " for the use of the road before the accident. The argument on this head urged was that the payment of toll was a prerequisite to the right to use the road, and that until such payment no duty is imposed on the company in favor of the person so in default.

No authority of any kind was referred to in support of such a proposition, and it is obviously fallacious. Any attempt to admit and enforce such a rule would lead to the utmost inconvenience and absurdity. A turnpike company is not obliged to erect toll-gates or to appoint places for the payment and receipt of its dues, nor to have agents in attend-

ance for that purpose, and it follows, therefore, if the doctrine in question is to prevail, that under such circumstances all persons using the road would be, *ipso facto*, converted into tort-feasors, the company would owe them no duty, and they could not rightfully traverse a public road of the state. Thus, the impracticability of the scheme proposed demonstrates its futility. The subject is governed by ordinary legal principles. The rights of the respective parties are these: The wayfarer, if he desire to make use of the turnpike, must pay the legal toll, if a ready opportunity to do so be afforded him; if he pursue his way without being called upon to pay, then the law raises a promise on his part to make such payment when the same shall be demanded, and a suit to recover such toll will lie in behalf of the company. As it does not appear on this record that the plaintiff paid any toll, the implication will be that she was in the use of the road under her implied agreement with the defendant that she would pay the same on request, for the law will not imply that she had wrongfully refused to make such payment. If there was any pertinent misfeasance on the part of the plaintiff, it is for the defendant to show it, as it is not a matter of legal intendment. The cases of *Nicholson* v. *Williamstown Turnpike Co.*, 4 *Dutcher* 142, and *Ward* v. *Newark, &c., Turnpike Co., Spenc.* 323, in all respects, as it is deemed, so entirely harmonize with the view thus expressed that they need no explanation or discussion.

With respect to the further objection that, in the counts in question, the charter of the defendant is not sufficiently set out, it is only necessary to say that it shows with entire distinctness the legal duty of the defendant to keep this road in good condition. The pleading is in conformity to the precedents.

The plaintiff is entitled to judgment, the defendant having right to apply to the court for leave to plead over, &c.